United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 24, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 02-51117
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WESLEY J. CRAWFORD,

Defendant-Appellant.

**Appeal from the United States District Court
for the Western District of Texas
(SA-00-CR-625-2)**

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges

PER CURIAM:[*]

Following a jury trial, Wesley J. Crawford was convicted of aiding and abetting possession, with intent to distribute, of more than 50 grams of cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). He was sentenced, *inter alia*, to 20 years imprisonment. Crawford appeals his conviction on several grounds.

Crawford's trial and conviction followed a trial in which he was acquitted on a conspiracy count but which resulted in a mistrial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on the aiding and abetting count.  Crawford maintains his retrial subjected him to double jeopardy and that the Government should have been collaterally estopped from retrying him.  Assuming, without deciding, that these contentions were not waived by Crawford's failure to raise them in district court prior to the second trial, they are without merit.

First, the retrial for aiding and abetting did not subject Crawford to double jeopardy, because the retrial was necessitated by the inability of the jurors in the first trial to reach a verdict on that count.  *See United States v. Deerman*, 837 F.2d 684, 689 (5th Cir.), *cert. denied,* 488 U.S. 856 (1988); *Grogan v. United States*, 394 F.2d 287, 289 (5th Cir. 1967), *cert. denied,* 393 U.S. 830 (1968).  Second, Crawford has not shown that the retrial violated the collateral-estoppel doctrine, because the elements of aiding and abetting were not necessarily decided by his previous acquittal on conspiracy to possess and distribute narcotics.  *United States v. Nelson*, 599 F.2d 714, 716 (5th Cir. 1979).  Although *Nelson* noted that the Government would be estopped from presenting evidence at a second trial that indicated a conspiracy which it failed to prove at the first trial, Crawford has not appealed the introduction of any evidence at his second trial which tended to prove a conspiracy. *Id.*

Crawford's contention that the district court erred in denying his motion for disclosure of the identity of a confidential

2

informant involved in the drug investigation also fails. That motion was made, and denied, prior to the first trial; the record does not reflect that Crawford renewed it prior to the second. A retrial following a mistrial is both in purpose and in effect a new trial. *United States v. Palmer*, 122 F.3d 215, 221 (5th Cir. 1997). Therefore, motions and objections must be renewed to have effect in the retrial. *Id.* at 220. *Palmer* noted, however, that written motions for disclosure of the informant made before the first trial may have more long-lasting effect than a simple objection. *Id.* at 221. Such long-lasting effects are irrelevant here, however, because the district judge in the first trial later ordered the Government to reveal the name of the informant.

Crawford further contends that the prosecutor made improper comments during closing argument that presented facts outside of the evidence and misled the jury on the applicable law. In a claim for prosecutorial misconduct, we first ask whether the prosecutor's comments were improper and, if so, whether they prejudiced the defendant's substantive rights. *E.g., United States v. Duffaut*, 314 F.3d 203, 210 (5th Cir. 2002). Crawford asserts that the prosecutor suggested to the jury that mere presence among drug conspirators is enough to make an individual part of a conspiracy. Crawford does not cite to the record to support this point, however; and the record does not reveal that the prosecutor made such a statement. The other comments about which Crawford complains — he was the

3

source of the drugs and that he tried to hide them — were not improper because the prosecutor was merely urging those inferences and conclusions she wished the jury to draw from the evidence. *See United States v. Washington,* 44 F.3d 1271, 1278 (5th Cir.), *cert. denied*, 514 U.S. 1132 (1995); *United States v. Webb*, 950 F.2d 226, 230 (5th Cir. 1991). There was no prosecutorial misconduct. *Duffaut*, 314 F.3d at 210.

Finally, Crawford challenges the sufficiency of the evidence to support his conviction. Crawford's counsel made a motion for acquittal based on insufficient evidence only after the jury had retired to deliberate; but, pursuant to Federal Rule of Criminal Procedure 29(a), this motion should have been made earlier — at the close of the evidence. When a motion for acquittal is untimely, "the sufficiency of the evidence challenge is reviewed only to determine if the defendant's conviction constitutes a manifest miscarriage of justice". *United States v. Griffin*, 324 F.3d 330, 356 (5th Cir. 2003). A manifest miscarriage of justice occurs only if there is no evidence to support a finding of guilt. *United States v. McIntosh*, 280 F.3d 479, 483 (5th Cir. 2002). Here, Crawford's conviction does not constitute a manifest miscarriage of justice. Even assuming the motion was timely, under the usual standard of review, the evidence was sufficient.

Crawford was charged with aiding and abetting the possession of cocaine with the intent to distribute. To convict on this

4

charge, the Government had to prove beyond a reasonable doubt that Crawford associated himself with the criminal venture, participated in it, and sought by his action to make it succeed. *E.g.,* **United States v. Cartwright**, 6 F.3d 294, 300 (5th Cir. 1993). The evidence showed that the informant negotiated the sale of four ounces of crack cocaine with Rick Shoels, Crawford's co-defendant. The informant contacted Shoels by dialing the number to Crawford's cellular telephone. Shoels and Crawford arrived in the same vehicle to meet the informant at the agreed upon time. Upon approaching Shoels' vehicle, police found two ounces of crack cocaine on the center console, just inches from where Crawford's left knee would have been located. Police found more crack cocaine on the passenger side floorboard pushed slightly under the seat, where Crawford's feet had been located. At trial, an officer testified that he recognized Crawford due to a prior cocaine arrest and that, when another person accompanies a dealer to a drug sale, it is often because the second person is the source of supply or a co-seller who is present to protect his own interests.

*AFFIRMED*